**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
------------------------------
                              :
CHINA AMERICA COOPERATIVE     :
AUTOMOTIVE, INC., et al.      :   CIVIL ACTION No. 07-5156 (SRC)
                              :
           Plaintiffs,        :
                              :
      v.                      :
                              :
ESTRADA RIVERA ENTERPRISES    :
CORPORATION                   :
AND EMERITO ESTRADA           :
RIVERA,                       :   O P I N I O N
                              :
           Defendants.        :
------------------------------
```

**CHESLER, U.S.D.J.**

### I. INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for a preliminary injunction (docket #2) and Defendants' cross motion to dismiss Plaintiff's complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2)(docket #12). No oral argument was heard pursuant to FED. R. CIV. P. 78. For the reasons set forth below, Defendants' motion to dismiss will be granted. Because this case must be dismissed for lack of in personam jurisdiction, this Court will not address Plaintiffs' motion for a preliminary injunction.

## II. FACTUAL BACKGROUND

The underlying lawsuit alleges tortious interference with contract, tortious interference with prospective economic advantage, and unfair competition. Plaintiffs claim that they have the exclusive right in North America to distribute entry-level automotive products manufactured in China by a Chinese company that is not a party to this litigation. It is this contract – between the Chinese manufacturer and Plaintiffs – with which Defendants have purportedly interfered.

Plaintiffs assert that Defendants expressed interest in becoming a "partner/distributor" to Plaintiffs for the sale of the Chinese cars in Puerto Rico. According to Plaintiffs, this Court has two bases of personal jurisdiction over Defendants: (1)the history of communication between Plaintiffs and Defendants with respect to the parties' negotiations regarding the potential for Defendants to become a "partner/distributor" to Plaintiffs; and (2) Defendants' conduct in allegedly interfering with Plaintiffs' contract with the Chinese manufacturer.[1]

With respect to the history of communications between Plaintiffs and Defendants, the Court will assume as true Plaintiffs' claim that Defendants "reached out to [Plaintiffs'] employees in New Jersey on ... two occasions to express interest

---

[1] It is noteworthy that the proposed agreement between Plaintiffs and Defendants was never consummated.

in becoming a ... partner/distributor in Puerto Rico."
(Plaintiffs' Opposition Brief, docket #14, at 8.) Additionally, the Court is aware that Defendants sent Plaintiffs one email in August 2007 and that Plaintiffs' vice president was copied on a single piece of correspondence from Defendants' attorney in Puerto Rico to the manufacturer in China. The subject of this correspondence was Defendants' assertion that Defendants – not Plaintiffs – have exclusive rights to sell the Chinese manufacturer's automobiles in Puerto Rico, the Virgin Islands, and the Caribbean.

    With respect to other factors relevant to the personal jurisdiction inquiry it is undisputed that Defendant Emerito Estrada Rivera is a resident of Puerto Rico who does not: reside in New Jersey; own property in New Jersey; conduct business in New Jersey; have continuous business contacts with any New Jersey entity; have any bank accounts in New Jersey; or have any contracts with any New Jersey residents. Likewise, it is uncontroverted that Defendant Estrada Rivera Enterprises Corporation is a Puerto Rican corporation with offices only in Puerto Rico and that it: has no stores, offices or employees in New Jersey; does not currently do business in New Jersey; has no telephone listing in New Jersey; has no bank account in New Jersey; does not advertise in New Jersey; does not make sales within New Jersey; has never paid taxes in New Jersey; does not

own, lease or possess any real property in New Jersey; and is not licensed to do business in New Jersey.

### III.   STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure permits a defendant to file a motion to dismiss if the court in which the case is filed lacks proper personal jurisdiction over the parties.  Fed. R. Civ. P. 12(b)(2).  In examining personal jurisdiction under Rule 12(b)(2), the Court must look beyond the pleadings:

> A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies.  Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . .  [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984); *see also Mellon Bank (East) PSFS v. Farino*, 960 F.2d, 1217, 1223 (3d Cir. 1992); *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir.), *cert. denied*, 506 U.S. 817(1992).

A federal court may exercise personal jurisdiction over a nonresident defendant to the extent permitted by the law of the state in which it sits. *See* Fed. R. Civ. P. 4(e).  New Jersey law

4

permits the exercise of personal jurisdiction over nonresident defendants as far as it is constitutionally permissible under the Due Process Clause of the Fourteenth Amendment.  *See* New Jersey Court Rule 4:4-4.  The Due Process Clause allows a state to exercise personal jurisdiction over a nonresident defendant only when there exists "minimum contacts" between the defendant and the forum state.  *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310(1945).

  The Supreme Court has yet to enunciate an exact standard for determining minimum contacts because the "facts of each case must [always] be weighed."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1984).  What is clear, however, is that the defendant must purposefully avail itself of the privilege of conducting activities within the forum state thereby invoking the benefits and protection of that forum's laws.  *Hanson v. Denckla*, 357 U.S. 235, 253, *reh'g denied*, 358 U.S. 858 (1958).  Additionally, the defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there.  *Volkswagon*, 326 U.S. at 297.  Moreover, the exercise of personal jurisdiction must conform with the ideas of fair play and substantial justice.  The court determines if this point is fulfilled by balancing the burden on the defendant with the interest of judicial economy and the interests of the forum

state.  *Id.* at 292.


### IV.  DISCUSSION

Defendants filed a motion to dismiss the above-captioned action on the grounds that personal jurisdiction does not exist in New Jersey.  Defendants argue that this Court does not have personal jurisdiction over them because they are a Puerto Rican corporation and individual Puerto Rican citizen with little or no contacts with New Jersey or the United States.  Plaintiffs concede that this Court does not have general jurisdiction over either Defendant.  They contend, however, that the Court has specific personal jurisdiction over Defendants and that personal jurisdiction exists in this district under the "effects" test.

**A.   Personal Jurisdiction**

**1.   Specific Jurisdiction**

Specific jurisdiction exists only when a non-resident defendant purposefully directs its activity to the forum state and the injury giving rise to the litigation arises from, or is related to, that activity.  *Burger King* Corp., 471 U.S. at 472; *Mellon Bank (East) PSFS v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993).  Therefore, when a defendant raises a jurisdictional defense, the plaintiff bears the burden of establishing that the action arose out of the defendant's forum-

6

related activities.  *Helicopteros*, 466 U.S. at 414, 416.  As the discussion below demonstrates, Plaintiffs have failed to meet their burden in this case.

It is normally necessary to examine each separate claim for relief and the Defendants' involvement in the alleged wrongdoing.  That is unnecessary in this case, however, because it is clear to this Court that Plaintiffs' claims do not arise out of or relate to Defendants' contacts with New Jersey.  The Court is not persuaded by Plaintiffs' unsupported arguments that Defendants directed conduct to New Jersey.  The record before this Court unequivocally demonstrates that Plaintiffs' claims relate to and arise out of Defendants' conduct in China, not New Jersey.  The conduct alleged – that Defendants traveled from Puerto Rico to China and negotiated an agreement with the Chinese manufacturer for work in Puerto Rico – has no bearing on New Jersey.

Moreover, the injury Plaintiffs claim relates to work Defendants propose to do in Puerto Rico, not New Jersey.  Even under Plaintiffs' theory, the phone calls and emails Defendants directed to New Jersey dealt with the possibility of a business relationship between Defendants and Plaintiffs, not Defendants' alleged interference with Plaintiffs' Chinese contract or business expectancy.  This litigation cannot fairly be said to arise out of or relate to Defendants' contacts with New Jersey.  Accordingly, there is no specific jurisdiction in New Jersey over

7

Defendants.

### 2. The "Effects Test"

Next, Plaintiffs argue that the "effects test" affords personal jurisdiction in this case. The Court will assume, without deciding, that the effects test is applicable to this case and could provide a basis for jurisdiction if Plaintiffs successfully meet its elements. The effects test requires: (1) an intentional tort; (2) harm felt in New Jersey; and (3) Defendants' actions specifically directed at New Jersey. *Calder v. Jones*, 465 U.S. 783 (1984).

Plaintiffs have alleged intentional torts and are able, therefore, to establish the first prong of the effects test. They fail, however, to meet the remaining two prongs. The damages Plaintiffs allege will be incurred in Puerto Rico, not New Jersey. The "brunt of the harm" will not be felt in New Jersey; nor is New Jersey the "focal point of the harm suffered" as required under the effects test. *See Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007) (citation omitted). Indeed, the right to profit from acting as the Chinese manufacturer's exclusive distributor in Puerto Rico is the issue at the heart of this dispute. The bald fact that Plaintiffs are New Jersey corporations (and therefore, will arguably suffer economic harm in their home state) does not meet the second prong. As

8

Defendants aptly point out, the effects test cannot be construed so expansively that plaintiffs can always sue in their home states. *Educ. Testing Serv.*, 631 F. Supp. 550, 565-66(D.N.J. 1986).

Similarly, the actions about which Plaintiffs complain were directed at Puerto Rico, not New Jersey. They allege, for example, that Defendants: sought a distributorship in Puerto Rico; made representations to Plaintiffs' prospective business partners in Puerto Rico; pursued dealers in Puerto Rico; and should have been aware of Plaintiffs' contract with the manufacturer covering Puerto Rico. These allegations indicate that Puerto Rico, not New Jersey, is the "focal point of the tortious activity." *Marten*, 499 F.3d at 297.

B.   **Dismissal or Transfer**

A court without personal jurisdiction over the defendants or venue[2] over a case has the option of dismissing the action or

---

[2]Venue of federal court actions are generally governed by 28 U.S.C. § 1391.  Under this statute, cases where federal subject matter jurisdiction is founded solely on diversity of citizenship
>      may, except as otherwise provided by law, be brought in
>      (1) a judicial district where any defendant resides, if
>      all defendants reside in the same State, (2) a judicial
>      district in which a substantial part of the events or
>      omissions giving rise to the claim occurred . . . or
>      (3) a judicial district in which any defendant is
>      subject to personal jurisdiction at the time the action
>      is commenced, if there is no district in which the
>      action may otherwise be brought.

28 U.S.C. § 1391(a).

transferring the case to another district pursuant to 28 U.S.C. § 1406(a).[3] *Goldlawr v. Heiman*, 369 U.S. 463(1962).  This Court must now decide whether dismissal or transfer of this action is proper.

A district court has broad discretion when it comes to deciding whether to transfer or dismiss a case for lack of personal jurisdiction and improper venue.  *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-21 (7th Cir. 1986).  Normally a court will dismiss an action if it finds that there is no personal jurisdiction over the defendants.  If dismissing a case will create an injustice, however, a court will usually transfer it instead.  *Cote*, 796 F.2d at 984-85.

This Court finds that the United States District Court for the District of Puerto Rico may have personal jurisdiction over Defendants in this matter.  As such, transfer, rather than dismissal, may be appropriate in this case.  Accordingly, Plaintiffs will be afforded ten (10) business days – until February 7, 2008 – within which to consent to transfer to the District of Puerto Rico.  If Plaintiffs do not consent to the

---

[3]Section 1406 of Title 28 states in relevant part that [t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
28 U.S.C. § 1406(a).

10

transfer by February 7, 2008, then Defendants' motion to dismiss will be granted and the case will be dismissed.

### IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss for lack of personal jurisdiction pursuant to FED.R.CIV.P. 12(b)(2) will be granted.  For this reason, it is unnecessary for the Court to address Plaintiffs' application for a preliminary injunction.  An appropriate order is filed herewith.

**DATED:**    January 25, 2008.


                                        /s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

11